RENDERED: JULY 19, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-1292-ME

L.M.L.                                                         APPELLANT

                     APPEAL FROM KENTON CIRCUIT COURT
v.                HONORABLE TERRI SCHOBORG, JUDGE
                     ACTION NO. 22-AD-00091

L.M.S.; Z.T.S.; A.D.; CABINET FOR
HEALTH AND FAMILY SERVICES,
COMMONWEALTH OF KENTUCKY;
AND O.Z.R.S., A MINOR CHILD                           APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE: THOMPSON, CHIEF JUDGE; COMBS AND LAMBERT, JUDGES.

THOMPSON, CHIEF JUDGE: L.M.L. ("Mother") appeals from orders of the

Kenton Circuit Court, Family Division, which terminated her parental rights to her

minor child, O.Z.R.S. ("Child"), and allowed L.M.S. ("Aunt") and Z.T.S.

("Uncle") to adopt Child without her consent. After reviewing the briefs, the

record, and the law, we conclude that the trial court did not err in allowing Aunt and Uncle to adopt Child over Mother's objections.

## FACTS AND PROCEDURAL HISTORY

Mother and A.D. ("Father")[1] are the biological parents of Child. Child was born in December of 2018. Aunt is the sister of Mother. Child was removed from the care of the parents due to issues of drug abuse. On December 12, 2019, Aunt and Uncle were named Child's kinship foster parents. On December 6, 2021, a permanent custody hearing was held. Father, Aunt, and Uncle attended the hearing, but Mother did not. Father consented to Aunt and Uncle receiving permanent custody of Child. Permanent custody was granted to Aunt and Uncle at the conclusion of the hearing. In addition to the order of permanent custody, the trial court entered no contact orders against the parents which prohibited them from contacting or seeing Child. The court entered these orders because neither parent had completed their reunification case plans from the Cabinet for Health and Family Services and neither had been keeping up with their required drug screenings. The court required both parents to make motions for visitation before the no contact orders would be lifted and indicated that negative drug screenings would be necessary.

---

[1] Father is not a party to this appeal. Father's parental rights were also terminated and the adoption proceeded without his consent.

On July 21, 2022, Aunt and Uncle petitioned the court to allow them to adopt Child and to involuntarily terminate the parental rights of Mother and Father. A hearing was held over two days on July 13, 2023, and August 31, 2023. On September 27, 2023, the trial court terminated Mother and Father's parental rights to Child and granted the adoption petition. This appeal followed.

## STANDARD OF REVIEW

> An adoption without the consent of a living biological parent is, in effect, a proceeding to terminate that parent's parental rights. Accordingly, in adoption without consent cases we apply the same standard of review that governs parental termination cases. Our review is confined to the clearly erroneous standard in [Kentucky Rules of Civil Procedure (CR)] 52.01 based upon clear and convincing evidence. The family court's findings will not be disturbed unless there exists no substantial evidence in the record to support them.
>
> Clear and convincing proof does not necessarily mean uncontradicted proof; but rather, requires there is proof of a probative and substantial nature that is sufficient to convince ordinarily prudent minded people. Under this standard, we are required to give considerable deference to the [family] court's findings, and we will not disturb those findings unless the record provides no substantial support for them. Additionally, since adoption is a statutory right which severs forever the parental relationship, Kentucky courts have required strict compliance with the procedures provided in order to protect the rights of the natural parents.

*C.J. v. M.S.*, 572 S.W.3d 492, 496 (Ky. App. 2019) (internal quotation marks, footnote, and citations omitted).

-3-

## ANALYSIS

A proceeding regarding an adoption without the consent of the parents is governed by Kentucky Revised Statutes ("KRS") 199.502. KRS 199.502 states in relevant part:

> (1) Notwithstanding the provisions of KRS 199.500(1), an adoption may be granted without the consent of the biological living parents of a child if it is pleaded and proved as part of the adoption proceeding that any of the following conditions exist with respect to the child:
>
> > (a) That the parent has abandoned the child for a period of not less than ninety (90) days;
> >
> > (b) That the parent had inflicted or allowed to be inflicted upon the child, by other than accidental means, serious physical injury;
> >
> > (c) That the parent has continuously or repeatedly inflicted or allowed to be inflicted upon the child, by other than accidental means, physical injury or emotional harm;
> >
> > (d) That the parent has been convicted of a felony that involved the infliction of serious physical injury to a child named in the present adoption proceeding;
> >
> > (e) That the parent, for a period of not less than six (6) months, has continuously or repeatedly failed or refused to provide or has been substantially incapable of providing essential parental care and protection for the child, and that there is no reasonable expectation of improvement in parental care and protection, considering the age of the child;

-4-

(f) That the parent has caused or allowed the child to be sexually abused or exploited;

(g) That the parent, for reasons other than poverty alone, has continuously or repeatedly failed to provide or is incapable of providing essential food, clothing, shelter, medical care, or education reasonably necessary and available for the child's well-being and that there is no reasonable expectation of significant improvement in the parent's conduct in the immediately foreseeable future, considering the age of the child;

(h) That:

1. The parent's parental rights to another child have been involuntarily terminated;

2. The child named in the present adoption proceeding was born subsequent to or during the pendency of the previous termination; and

3. The condition or factor which was the basis for the previous termination finding has not been corrected;

(i) That the parent has been convicted in a criminal proceeding of having caused or contributed to the death of another child as a result of physical or sexual abuse or neglect; or

(j) That the parent is a putative father, as defined in KRS 199.503, who fails to register as the minor's putative father with the putative father registry established under KRS 199.503 or the court finds, after proper service of notice and hearing, that:

1. The putative father is not the father of the minor;

> 2. The putative father has willfully abandoned or willfully failed to care for and support the minor; or
>
> 3. The putative father has willfully abandoned the mother of the minor during her pregnancy and up to the time of her surrender of the minor, or the minor's placement in the home of the petitioner, whichever occurs first.

On appeal, Mother argues that the trial court's findings of fact were not supported by substantial evidence and were clearly erroneous. The trial court held that KRS 199.502(1)(a), (e), and (g) were present in this case. Based on the language of the statute, only one of the KRS 199.502(1) factors needs to exist.

We believe there was substantial evidence to show that KRS 199.502(1)(e), failure to provide essential parental care and protection, was proven. Child began living with Aunt and Uncle on December 12, 2019. From that time, Aunt and Uncle became Child's primary caregivers. Mother would visit Child and provide gifts and necessities, but these things were not done with regularity. In addition, Mother had a history of drug and alcohol abuse and was given a case plan by the Cabinet. At the time of the permanent custody hearing in December of 2021, which was two years after Child's removal from Mother's care, Mother had not completed the case plan. She was also not compliant with her drug testing. Furthermore, Mother did not petition the trial court for visitation or to remove the no contact order. Finally, Mother testified that she was unemployed and had been

-6-

since just before the birth of Child. All of these factors support the court's conclusion that Mother failed to provide essential parental care and protection for Child.

There was some evidence presented during the hearing that Mother is trying to improve her situation. She indicated she had been sober since July of 2021 and was attempting to go to college. She is also raising a set of twins that she had during the pendency of this case, and there has been no Cabinet involvement with those children. We do not believe these facts are sufficient to show a reasonable expectation of improvement in parental care and protection. While these are admirable accomplishments, the fact remains that Mother has not seen Child since December of 2021 and did not complete her Cabinet case plan. Additionally, there were no current negative drug screenings introduced into evidence to support her claim of sobriety. Finally, Mother has been unemployed for a long period of time, which indicates an inability to provide appropriate care for Child.

## CONCLUSION

Based on the foregoing, we affirm the judgment of the trial court. Aunt and Uncle provided substantial evidence to prove that Mother failed to provide essential parental care and protection for Child for more than six months,

and that there was no reasonable expectation of improvement in parental care and protection.

ALL CONCUR.


BRIEF FOR APPELLANT:

Trisha M. Brunk
Independence, Kentucky

BRIEF FOR APPELLEES L.M.S.
AND Z.T.S.:

Stephanie A. Dietz
Jonathan D. Thiel
Edgewood, Kentucky